IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| E. PATRICIA LONG and<br>WIEN AIR ALASKA, INC., § § § | |
| Plaintiffs, § § | |
| v. § | Civil Action No. 3:05-CV-1279-L |
| § § | |
| BJORN KOHLER THOMMESSEN, et al., § § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff E. Patricia Long's Request for a Continuance, filed October 7, 2005. On September 7, 2005, Defendant DNBNOR Bank ASA ("DBN") filed DNBNOR Bank ASA's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for *Forum Non Conveniens*. On September 9, 2005, Defendants Bjorn Kohler Thommessen ("Thommessen"), Braekhus Dege ANS ("Braekhus Dege"), Jan R. Krohn ("Krohn") and Tore Kjell Larsen ("Larsen") (collectively, the "Thommessen Defendants") filed Thommessen Defendants' Motion to Dismiss Plaintiff's Original Complaint for Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction, and Insufficiency of Service of Process. Plaintiff requests an extension to March 1, 2006, to file a response to the motions to dismiss. Plaintiff contends that the continuance is necessary due to the complicated nature of the case, unresolved issues pending in bankruptcy court, her inability to retain counsel, and Defendants' attorneys continued misrepresentations to her. DBN opposes the extension, maintaining that Plaintiff's request is unreasonable and unjustified. DBN also contends that Plaintiff has failed to meet her burden of establishing "excusable neglect."

**Memorandum Opinion and Order - Page 1**

Pursuant to Fed. R. Civ. P. 6(b), the court may, in its discretion, enlarge the time for an act that is required to be done within a specified time "if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or [] upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect[.]" The determination of what constitutes "excusable neglect" is an equitable one, *Pioneer Investment Servs., Co. v. Brunswick Assocs., Ltd. P'ship,* 507 U.S. 380, 395 (1993), requiring the court to consider "all relevant circumstances surrounding the party's omission." *Id*. These considerations include the danger of prejudice to the opposing party; the length of the delay and its potential impact on the judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith. *Id.*

Here, Plaintiff's response to DBN's motion to dismiss was due September 27, 2005, and, therefore, her request for an extension was 10 days late. Her response to the Thommessen Defendants' motion to dismiss was due September 29, 2005, and, therefore, her request for an extension was 12 days late. Plaintiff seeks an extension of approximately five months. Based on the reasons set out in her motion, the court determines that Plaintiff has established that her failure to timely respond to the motions to dismiss was the result of excusable neglect. Plaintiff is pro se and the issues presented in this case are complicated. This matter has not been set for trial, and Defendants will not suffer undue prejudice or harm by the court granting the extension. The court, however, will grant Plaintiff an extension only until January 9, 2006, to respond to DBN and the Thommessen Defendants' motions to dismiss. Accordingly, Plaintiff's Request for Continuance is **granted**. Plaintiff shall file her response to DNBNOR Bank ASA's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for *Forum Non Conveniens* and Thommessen Defendants' Motion

to Dismiss Plaintiff's Original Complaint for Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction, and Insufficiency of Service of Process by **January 9, 2006**. **No further extensions will be granted to allow Plaintiff to respond to the pending motions to dismiss**.

The court realizes that the Plaintiff is pro se, however, despite the pro se status, Plaintiff is required to become familiar with the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District, and any other rule or statute necessary to the prosecution of her claims.  Hence forth, Plaintiff is directed to comply with all appropriate rules of procedure and comply with all directives of the court.

**It is so ordered** this 21st day of November, 2005.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge